# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sadene Nicholson
702 West 13th Street
New Castle, DE 19702

## DEFENDANTS

Acts Retirement-Life Communities Management, LLC
420 Delaware Drive
Fort Washington, PA 19034

**(b)** County of Residence of First Listed Plaintiff   New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 2000e-3(a)

Brief description of cause:
Title VII Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/29/2026

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Sadene Nicholson | : | |
| v. | : | |
| Acts Retirement-Life Communities Management, LLC | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X )

| | | |
|---|---|---|
| 5/29/2026 | Graham F. Baird | Plaintiff, Sadene Nicholson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  420 Delaware Drive, Fort Washington, PA 19034

---

***RELATED CASE IF ANY:***   Case Number:_____   Judge:_____

1.   Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.   Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.   Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.   Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.   Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
     If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*   ***Federal Question Cases:***

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.   FELA
- ☐ 3.   Jones Act-Personal Injury
- ☐ 4.   Antitrust
- ☐ 5.   Wage and Hour Class Action/Collective Action
- ☐ 6.   Patent
- ☐ 7.   Copyright/Trademark
- ☒ 8.   Employment
- ☐ 9.   Labor-Management Relations
- ☐ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.*   ***Diversity Jurisdiction Cases:***

- ☐ 1.   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3.   Assault, Defamation
- ☐ 4.   Marine Personal Injury
- ☐ 5.   Motor Vehicle Personal Injury
- ☐ 6.   Other Personal Injury *(Please specify)*:_____
- ☐ 7.   Products Liability
- ☐ 8.   All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SADENE NICHOLSON<br>702 West 13th Street<br>New Castle, DE 19702 | : | JURY DEMANDED |
| Plaintiff, | : | |
| v. | : | |
| | : | No. |
| ACTS RETIREMENT-LIFE<br>COMMUNITIES MANAGEMENT, LLC<br>420 Delaware Drive<br>Fort Washington, PA 19034 | : | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, SADENE NICHOLSON (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, ACTS RETIREMENT-LIFE COMMUNITIES MANAGEMENT, LLC (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a headquarters at the above captioned address.

3.       At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to Title VII of the Civil Rights Act and as defined under Pennsylvania law.

4.      This action is instituted pursuant to the United States Civil Rights Act and the Pennsylvania Human Relations Act.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

9. Plaintiff is an African-American woman.

10. On or about April 17, 2010, Defendant hired Plaintiff as an LPN working primarily out of their retirement community, Granite Farms Estates, located at 1343 West Baltimore Pike, Media, Pennsylvania, 19063.

11. In or around May of 2024, Defendant opened a new memory care unit and Plaintiff was assigned a 7am-3pm LPN position on this unit.

12. Plaintiff was the only African-American LPN on that shift.

13. In or around November of 2024, a resident was moved into Defendant's community, at which time it was determined that the resident required a higher level of care than her family initially indicated.

14.    As such, this resident was moved to Defendant's memory care unit, and was placed under the care of Plaintiff.

15.    Additionally, this resident had a private companion that had been hired by her daughter who was her power of attorney (POA).

16.    The resident, her family, and the private companion are all Caucasian.

17.    Upon assuming care of this resident, Plaintiff became aware that the resident's POA and private companion had animus toward Plaintiff's race, African-American.

18.    They routinely demanded that Plaintiff do specific tasks, indicating that she "better do it now", as well as engaging in bullying behavior toward Plaintiff during the course of her shift.

19.    At one point, the private companion called Plaintiff "weird" in front of Defendant's administrator and director.

20.    Plaintiff reported this discriminatory treatment to Defendant's director of nursing. Kathleen Briscoe, Defendant's executive director Karen Webster, and Defendant's nursing home administrator, Chelsea Clifton.

21.    A meeting was held in which they discussed Plaintiff's complaints with respect to the resident's family member and private companion; however, Plaintiff was unaware if any action was taken to address the situation as the behavior from the resident's family and private companion continued.

22.    Following her complaint, Plaintiff made sure to call Ms. Briscoe to report incidents with the resident's family member and/or private companion whenever they occurred.

23.    On or about January 8, 2025, Plaintiff was preparing Defendant's residents for lunch.

24.     As Defendant was short a med tech that day, Plaintiff was also handling getting medications for the residents.

25.     While Plaintiff was working with a different resident, the private companion suddenly appeared and shoved her phone in Plaintiff's face, telling Plaintiff she needed to pick up the phone.

26.     Plaintiff could hear through the phone that it was the resident's power of attorney on the phone yelling.

27.     Plaintiff explained she would not get the phone, but that she would have Ms. Briscoe speak with the power of attorney.

28.     Plaintiff called over Ms. Briscoe, who spoke with the power of attorney, who explained that the resident's private companion had reported that Plaintiff was "trying to give [the resident] more insulin on top of the insulin [Plaintiff] had just given her."

29.     Plaintiff explained that was patently untrue; she had been checking her levels as usual since it was lunch time.

30.     Around this time, the power of attorney arrived on the premises and approached Plaintiff, yelling and screaming that Plaintiff "needed her license revoked" and that she "was a danger" and needed to be fired.

31.     Ms. Briscoe did nothing to de-escalate the situation.

32.     As the resident's power of attorney was physically in Plaintiff's face, pointing at her finger at her and yelling, Plaintiff told Ms. Briscoe she was removing herself off the floor.

33.     The resident's power of attorney attempted to block Plaintiff from leaving, all the while still verbally abusing Plaintiff and putting her hands in Plaintiff's face.

34.    Finally, another of Defendant's employees by the name of Wendy, intervened and Plaintiff was able to leave.

35.    At that time, Plaintiff attempted to call Ms. Webster, and when she did not get an answer, Plaintiff called the police.

36.    While Plaintiff was speaking with the police, Ms. Clifton arrived.

37.    The officer discussed the incident with Ms. Clifton.

38.    Ms. Clifton allowed Plaintiff to go home for the rest of the day, and as Plaintiff suffers from depression and anxiety, she called out of work the next day as the incident had negatively affected her mental health.

39.    That weekend, Plaintiff was offered two other locations to work, as Defendant did not want her working in the memory unit that weekend.

40.    On January 14, 2025, Plaintiff was summoned to a meeting with Defendant's corporate human resources representative, Emily Stiles, Ms. Clifton, and Ms. Briscoe.

41.    During this meeting, Plaintiff was asked if there was anything that Defendant could do to resolve the issue with the resident.

42.    Plaintiff explained that it seemed that even though she was doing her best, that nothing was good enough for the resident's family and private companion.

43.    Ms. Stiles, Ms. Clifton, and Ms. Briscoe all agreed that Plaintiff was an excellent employee, who had no other issues and no other complaints; however, they then went on to state that due to the resident not wanting Plaintiff to be part of her care, that Plaintiff was being permanently removed from the unit.

44.    They additionally stated that due to their budget, Plaintiff was eliminating the 7am-3pm position altogether, and offered Plaintiff a "pool position", which was an "as needed" position with no benefits, and was not a permanent position like she one she held.

45.    Upon information and belief, Plaintiff was the only employee who was terminated.

46.    Plaintiff was provided a letter reiterating the elimination of her position, effective February 13, 2025.

47.    Following her termination, Defendant brought in another 7am-3pm position nurse, which was the very position that Defendant claimed it had eliminated.

48.    No other full time position was offered to Plaintiff.

49.    As described above, Plaintiff was subjected to racially discriminatory treatment and harassment on behalf of one of Defendant's resident's families.

50.    Rather than taking action to protect their employee and/or address the behavior with the resident and her family, Defendant instead eliminated Plaintiff's position, constructively terminating her by offering a non-comparable "pool" position.

51.    Defendant's motivation in constructively terminating Plaintiff's employment was her race and complaints of racial discrimination.

52.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I**
**TITLE VII CLAIM--RETALIATION**
**(42 U.S.C.A. § 2000e-3(a))**

53.     Plaintiff incorporates paragraphs 1-52 as if fully set forth at length herein.

54.     At set forth above, Plaintiff, made complaints to Defendant concerning harassment and racial discrimination that was being directed towards her.

55.     In retaliation for making these complaints, Defendant took adverse action against Plaintiff by constructively terminating her employment.

56.     Plaintiff's participation in protected activity under Title VII was a motivating factor in Defendant's decision to terminate her employment.

57.     As such, Defendant's decision to constructively terminate Plaintiff's employment is a retaliatory action contemplated by Civil Rights Act of 1964, § 704(a).

58.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

59.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

60.     Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

61.    Plaintiff incorporates paragraphs 1-60 as if fully set forth at length herein.

62.    Defendant took adverse action against Plaintiff by constructively terminating her employment.

63.    Plaintiff's status as an African-American woman places her in a protected class.

64.    Plaintiff was subjected to a hostile work environment during her employment with Defendant.

65.    Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to constructively terminate her employment.

66.    Plaintiff suffered disparate treatment by Defendant as set forth above.

67.    As such, Defendant's decision to constrcutively terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

68.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

69.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

70.    Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.

71.    Plaintiff incorporates paragraphs 1-70 as if fully set forth at length herein.

72.    As set forth above, Plaintiff is a member of a protected class.

73.    Defendant constructively terminated Plaintiff's employment.

74.    As set forth above, a motivating factor in the decision to constructively terminate Plaintiff's employment was Plaintiff's complaints regarding a pattern of racially discriminatory conduct on the part of the employer.

75.    Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to constructively terminate her employment.

76.    Plaintiff suffered disparate treatment by Defendant, as set forth above.

77.    Plaintiff was subjected to a hostile work environment, as described above.

78.    As such, Defendant has violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

79.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

80.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

81.    Plaintiff demands attorneys' fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, SADENE NICHOLSON demands judgment in her favor and against Defendant, ACTS RETIREMENT-LIFE COMMUNITIES MANAGEMENT, LLC, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Sadene Nicholson

Date:   5/29/2026

# EXH. A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/17/2026

**To:** Sadene Nicholson
    702 West 13th Street
    New Castle, DE 19720

**Re:** Nicholson v. Acts Retirement Life Communities, Inc.
EEOC Charge No: 530-2025-08228

EEOC      Representative      and   Legal Unit
telephone number:

(267) 589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-08228.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
03/17/2026
Karen McDonough
Deputy Director

**Cc:**
Jacqueline R Barrett (for Respondent)
Graham F Baird Esq. (for Charging Party)

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-08228 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-08228 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.